IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIDYME KALENGA and | § | |
| ARNOLD BANKETE, | § | |
| on behalf of themselves and all | § | |
| other similarly situated, | § | |
| Plaintiffs, | § | Civil Action No. 3:19-cv-01969-S |
| | § | |
| v. | § | |
| | § | |
| IRVING HOLDINGS, INC. | § | |
| Defendant. | § | |

## DEFENDANT IRVING HOLDINGS, INC.'S ORIGINAL ANSWER TO PLAINTIFFS' AMENDED COLLECTIVE ACTION COMPLAINT

Defendant Irving Holdings, Inc. ("Defendant") files its Answer to Plaintiffs' Amended Collective Action Complaint (the "Complaint") and respectfully shows the Court as follows:

## INTRODUCTION

Defendant admits Plaintiffs bring this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") as alleged in Plaintiffs' Introduction. Defendant denies the remaining allegations contained in Plaintiffs' Introduction.

## PARTIES

1.      Defendant admits the allegations in paragraph 1 regarding Plaintiff Didyme Kalenga providing transportation services from approximately January 2017 to present and Plaintiff Kalenga residing in Euless, Texas. Defendant denies the allegation contained in the second sentence of paragraph 1.

2.      Defendant admits the allegation in paragraph 2 regarding Plaintiff Arnold Bankete providing transportation services from approximately November 2018 to December 2018 and from approximately March 2019 to May 2019, and Plaintiff Bankete residing in Euless, Texas. Defendant denies the allegation contained in the second sentence of paragraph 2.

3.      Defendant admits that the above named Plaintiffs purport to bring this action on their own behalf and on behalf of all similarly situated individuals, but denies that such Plaintiffs are entitled to any relief or recovery.

4.      Defendant admits the allegations contained in the first sentence of paragraph 4. Defendant denies the allegation contained in the second sentence regarding the Defendant conducting business throughout the State of Texas.

## JURISDICTION AND VENUE

5.      The allegations in paragraph 5 contain legal conclusions to which no response is required.

6.      The allegations in paragraph 6 contain legal conclusions to which no response is required. Notwithstanding the above assertion, Defendant admits that it maintains its corporate headquarters in Dallas County, Texas and resides in Texas.

7.      The allegations in paragraph 7 contain legal conclusions to which no response is required.

## FLSA COVERAGE

8.      Defendant denies the allegations in paragraph 8.

9.      Defendant denies the allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11.

12.     Defendant denies the allegations in paragraph 12.

13.     Defendant denies the allegations in paragraph 13.

## FACTS

14.     Defendant admits the allegations contained in the first sentence of paragraph 14. Defendant denies the allegations contained in the second sentence of paragraph 14.

15.     Defendant denies the allegations contained in paragraph 15.

16.     Defendant denies the allegations contained in paragraph 16.

17.     Defendant denies the allegations contained in paragraph 17.

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant denies the allegations contained in paragraph 19.

20.     Defendant denies the allegations contained in paragraph 20.

21.     Defendant denies the allegations contained in paragraph 21.

22.     Defendant denies the allegations contained in paragraph 22.

23.     Defendant denies the allegations contained in paragraph 23.

24.     Defendant denies the allegations contained in paragraph 24.

25.     Defendant denies the allegations contained in paragraph 25.

26.     Defendant denies the allegations contained in paragraph 26.

27.     Defendant denies the allegations contained in paragraph 27.

28.     Defendant denies the allegations contained in paragraph 28.

29.     Defendant denies the allegations contained in paragraph 29.

30.     Defendant denies the allegations contained in paragraph 30.

31.     Defendant denies the allegations contained in paragraph 31.

32.     Defendant denies the allegations contained in paragraph 32.

33.     Defendant denies the allegations contained in paragraph 33.

34.     Defendant denies the allegations contained in paragraph 34.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 35 and therefore denies the same.

36.     Defendant denies the allegations contained in paragraph 36.

37.     Defendant denies the allegations contained in paragraph 37.

38.     Defendant denies the allegations contained in paragraph 38.

## COLLECTIVE ACTION ALLEGATIONS

39.     Defendant admits that the Plaintiffs bring this action pursuant to the FLSA, but denies that the Plaintiffs are entitled to recovery or relief.

40.     Defendant denies the allegations contained in paragraph 40.

## COUNT I

### FAIR LABOR STANDARDS ACT – FAILURE TO PAY MINIMUM WAGES (INDIVIDUAL COLLECTIVE ACTION)

41.     Paragraph 41 does not contain an allegation that calls for either an admission or denial. To the extent the court finds an answer necessary, Defendant incorporates the above listed admissions and/or denials as if restated herein verbatim.

42.     Defendant denies the allegations contained in the first sentence of paragraph 42. The allegation contained in the second sentence of paragraph 42 contains a legal conclusion to which no response is required.

43.     Defendant denies the allegations contained in paragraph 43.

## COUNT II

### FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME WAGES (INDIVIDUAL COLLECTIVE ACTION)

44.     Paragraph 44 does not contain an allegation that calls for either an admission or denial. To the extent the court finds an answer necessary, Defendant incorporates the above list admissions and denials as if restated herein verbatim.

45.     Defendant denies the allegations contained in paragraph 45.

46.     Defendant denies the allegations contained in paragraph 46.

47.     Defendant denies the allegations contained in paragraph 47.

48.     Defendant denies the allegations contained in paragraph 48.

49.     Defendant denies the allegations contained in paragraph 49.

## COUNT III

## FAIR LABOR STANDARDS ACT – RETALIATION

50.     Paragraph 50 does not contain an allegation that calls for either an admission of denial. To the extent the court finds an answer necessary, Defendant incorporates the above listed admissions and denials as if restated herein verbatim.

51.     Defendant denies the allegations contained in paragraph 51.

52.     The allegations in paragraph 52 contain legal conclusions to which no response is required.

## DAMAGES

53.     Defendant admits that the Plaintiffs seek the relief listed in paragraph 53, but denies that the Plaintiffs are entitled to any relief.

54.     Defendant admits that Plaintiff seek the relief listed in paragraph 54, but denies that the Plaintiffs are entitled to any relief.

55.     Defendant admits that the Plaintiffs seek the relief listed in paragraph 55, but denies that the Plaintiffs are entitled to any relief.

56.     Defendant admits that the Plaintiffs seek the relief listed in paragraph 56, but denies that the Plaintiffs are entitled to any relief.

57.     Defendant denies the allegations contained in paragraph 57.

## PRAYER FOR RELIEF

Defendant denies Plaintiffs are entitled to the relief requested in their Prayer for Relief.

**DEFENDANT'S DEFENSES**

1.      Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant.

2.      Defendant asserts limitations on all wage claims sought for pay periods beginning more than two years prior to the date Plaintiff Didyme Kalenga filed the Complaint and his opt-in consent form.

3.      Defendant asserts limitations on all wage claims sought for pay periods beginning more than two years prior to the date Plaintiff Arnold Bankete filed the Complaint and his opt-in consent form.

4.      Defendant asserts limitations on all wage claims sought for pay periods beginning more than two years prior to the date any putative opt-in plaintiff filed or files his or her respective opt-in consent form.

5.      Defendant is improperly joined in this action because Irving Holdings is not, and has never been, the named Plaintiffs' or any opt-in Plaintiffs' employer within the meaning of the FLSA.

6.      Plaintiffs fail to state a claim upon which relief can be granted because the collective action Plaintiffs are not "employees" under the FLSA. Rather, the collective action Plaintiffs are, and have always been, properly classified as independent contractors.

7.      Defendant maintains that the Plaintiffs are correctly classified as "independent contractors" rather than "employees." Even assuming that the Plaintiffs are "employees," which is vehemently denied, their FLSA claims for failure to pay overtime wages under FLSA, 29 U.S.C. § 207(a) are barred. Under 28 U.S.C. § 213(b)(17), the maximum hour requirements shall not apply with respect to any driver employed by an employer engaged in the business of operating

taxicabs. Even if the Plaintiffs are classified as employees, at all relevant times, the collective

action Plaintiffs were employed by an employer engaged in the business of operating taxicabs.[1]

8.      Although Defendant denies the allegations of unlawful conduct as set forth in the

Amended Complaint, neither the named Plaintiffs, nor any of the persons on whose behalf they

purport to sue, are entitled to liquidated damages because at all relevant times, all acts or omissions

that allegedly violated regarding their rights afforded by the FLSA were not willful. Defendant

(including its officers, managers, and agents) acted in good faith and in conformity with the FLSA

and administrative practices and enforcement policies of the Department of Labor. Defendant

(including its officers, managers, and agents) had reasonable grounds to believe it complied with

the FLSA. Defendant (including its officers, managers, and agents) did not authorize or ratify any

willful violation with respect to the Plaintiffs or all persons on whose behalf they purport to sue.

9.      Although Defendant denies violating the FLSA, any such failure on the part of

Defendant to comply with the FLSA for the disputed time for which the Plaintiffs and all persons

on whose behalf they purport to sue claim as unpaid is not compensable under the *de minimis*

doctrine and rounding regulations.

10.      The Plaintiffs and all persons on whose behalf they purport to sue are not similarly

situated, and their dissimilarities make the purported class of opt-in plaintiffs improper for a

collective action case under the FLSA, and therefore the Court should not grant final certification

for the purported class under the FLSA.

11.      A class action is improper because the purported class is not so numerous that

joinder of all members would be impracticable.

---

[1] In an abundance of caution, Defendant reiterates that it denies all allegations that the collective action
Plaintiffs are, or have ever been, "employees" within the meaning of the FLSA.

12.     A class action is improper because there are not questions of law or fact common to the purported class.

13.     A class action is improper because the claims and defenses of the representative parties are not typical of the claims or defenses of the class.

14.     This class action suit is improper because questions of law or fact common to the purported members of the class do not predominate over any questions affecting only individual members.

15.     This class action suit is improper because moving forward as a class is not superior to other available methods for the fair and efficient adjudication of the controversy.

16.     Plaintiff Kalenga's retaliation claim is barred because Defendant did not subject him to an adverse employment action for engaging in any protected activity.

17.     Defendant reserves the right to assert additional affirmative defenses that become apparent throughout the development of this case.

## PRAYER FOR RELIEF

Defendant Irving Holdings, Inc. prays the Court (1) enter judgment in Defendant's favor on all Plaintiffs' claims and those on whose behalf they purport to sue; (2) alternatively, any damages awarded be reduced or barred, pursuant to Defendant's affirmative defenses; and (3) grant such other and further relief, both at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:    /s/ Mark A. Shoffner
        Mark A. Shoffner
        State Bar No. 24037490
        mshoffner@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Tel: 214/740-1400
Fax: 214/740-1499

**ATTORNEYS FOR DEFENDANT IRVING HOLDINGS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Drew N. Herrmann
Pamela G. Herrmann
Herrmann Law, PLLC
801 Cherry St., Suite 2365
Fort Worth, TX 76102

Harold L. Lichten
Zachary L. Rubin
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

                                             /s/ Mark A. Shoffner
                                             Mark A. Shoffner

4714930_1.docx